IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARRY McKINNEY,<br><br>              *Plaintiff,*<br><br>       v.<br><br>CHESTER COUNTY,<br><br>              *Defendant.* | CIVIL ACTION<br>NO. 20-1756 |

**PAPPERT, J.**                                                                                            April 19, 2021

**MEMORANDUM**

After the Court dismissed his First Amended Complaint on February 5, 2021, Harry McKinney filed a one-count Second Amended Complaint (ECF 30) alleging Chester County violated the FLSA by underpaying him.[1] Chester County moves to dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing McKinney has not plausibly alleged an FLSA overtime claim. *See* (Mot. to Dismiss 6–11, ECF 31). In the alternative, it moves to dismiss all claims that accrued more than two years before McKinney filed his initial Complaint based on the FLSA's two-year statute of limitations, to strike certain paragraphs of the Second Amended Complaint pursuant to Rule 12(f)(2) and for a more definite statement as to certain allegations pursuant to Rule 12(e). *See generally* (*id.* at 12–22).

While the Second Amended Complaint remains murky and occasionally perplexing, at this stage McKinney's new allegations nudge his FLSA overtime claims "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S.

---

[1]     The Court discussed this case's factual background and the standard for stating a plausible FLSA overtime claim in its February 5 Memorandum (ECF 28).

1

544, 570 (2007).[2] He now claims he "worked forty hour work weeks and eighty hour bi-weekly work weeks," *see* (Second Am. Compl. Count I ¶ 13)[3], and lists dates throughout 2018 and 2019 during which he "actually worked over forty hours per week and/or eighty hours per bi-weekly pay period[]," *see, e.g.*, (*id.* at ¶¶ 17, 23). He also provides the number of overtime hours for which he was unpaid during those dates. *See, e.g.*, (*id.* at ¶¶ 18.1, 24).[4] These allegations meet the standard set forth in *Davis v. Abington Mem. Hosp.*, 765 F.3d 236, 242 (3d Cir. 2014). *See id.* ("in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege [forty] hours of work in a <u>given</u> workweek <u>as well as</u> some uncompensated time in excess of the [forty] hours") (internal quotations and citation omitted) (emphasis in original).[5]

The Parties appear to agree McKinney is not entitled to relief for FLSA claims that arose more than two years before April 2, 2020, the date McKinney filed this

---

[2] While Chester County's Motion focused only on whether McKinney adequately pleaded an FLSA *overtime* claim, the Second Amended Complaint appears to also attempt to state an FLSA claim for unpaid regular time. *See, e.g.*, (Second Am. Compl. ¶¶ 18.1–19, 24–25, Count I ¶¶ 15, 19–20, 23(d)). If McKinney intends to pursue such a claim, he should think hard about his ability to do so. "[P]ure gap time claims—straight time wages for unpaid work during pay periods without overtime—are not cognizable under the FLSA, which requires payment of minimum wages and overtime wages only." *Davis*, 765 F.3d at 244.

[3] McKinney restarts paragraph numbers for allegations under the heading "Count One." Citations to Count I paragraphs are specified to differentiate between multiple paragraphs beginning with the same number throughout the Second Amended Complaint. Citations that do not begin with Count I refer to paragraphs that precede the "Count One" header.

[4] McKinney claims he is owed "at least $7,534.57" for 2018 and "at least $13,892.28" for 2019, though his 2018 figure appears to include pay periods outside the statute of limitations and both figures appear to include overtime *and* regular pay. (Second Am. Compl. ¶¶ 17–19, 22–25, 30, 36–37).

[5] The relationship between McKinney's overtime claims and claims for at-home care pay in accordance with the County's purported K-9 Handler policy remains unclear, *see* (Mot. to Dismiss 9), though McKinney contends the cause of this action is the County's "failure and/or willful refusal to pay [him] for at-home-care services . . . for the pay periods 2 April 2018 through and including 2 January 2020," (Second Am. Compl.¶ 3). This issue, however, can be resolved through discovery or at arbitration.

lawsuit, *see* (Compl., ECF 1), because McKinney represents the relevant period for his claims is April 2, 2018 through January 2, 2020, *see* (Second Am. Compl. ¶ 3) and does not contest Chester County's argument that the applicable FLSA statute of limitations is two years, *see generally* (Resp. to Mot. to Dismiss 3, ECF 33).  To be clear, McKinney cannot seek damages for FLSA violations occurring before April 2, 2018.  The FLSA statute of limitations extends to three years only where an employer commits a "willful violation," 29 U.S.C. § 255, or where "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited." *Stone v. Troy Constr., LLC*, 935 F.3d 141, 150 (3d Cir. 2019) (internal quotations and citation omitted). Although McKinney claims that Chester County "willful[ly]" violated the FLSA, *see, e.g.*, (Second Am. Compl. Count I ¶ 21), he does not allege any facts to support such an allegation, and if he could he would have done so by now.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (a district court may properly deny leave to amend where a party has repeatedly failed to cure complaint deficiencies).

      Neither of the disfavored measures of striking components of a pleading or requiring a more definite statement are necessary or appropriate with respect to the Second Amended Complaint.  *See Giuliana v. Polysciences, Inc.*, 275 F. Supp. 3d 564, 572 (E.D. Pa. 2017) (motions to strike "are not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case") (internal quotations and citation omitted); *Country Classics at Morgan Hill Homeowners' Ass'n, Inc. v. Country Classics at Morgan Hill, LLC*, 780 F. Supp. 2d 367, 370–71 (E.D. Pa. 2011) (motions for a more definite statement are "highly disfavored" and will be granted

only "if a pleading is so vague or ambiguous that the opposing party cannot reasonably be required to make a responsive pleading"). Though some of the paragraphs Chester County seeks to strike are of questionable relevance, *see* (Mot. to Dismiss 14–18), they at least conceivably relate to McKinney's unpaid wages and contribute to the mosaic that is McKinney's most recent effort at stating his claims. Moreover, the Second Amended Complaint is, at least in the whole, specific enough for the County to respond. The County does not need to know who took issue with, agreed with or explained to others its purported K-9 Handler compensation policy, or the citations to county records McKinney quotes regarding the policy, to say whether it has this policy or whether it violated the FLSA. *See* (*id.* at 18–21); *see, e.g.*, *Konold v. Superior Int'l Indus. Inc.*, 911 F. Supp. 2d 303, 314 (W.D. Pa. 2012) ("Superior and Small Water can 'reasonably prepare a response' without knowing exactly which bar caused Mr. Konold to fall. . . . The fact that a better pleading may be possible if a more definite statement was ordered is not enough to warrant granting the Motion.").

    An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.